Cpiittenden, J.
This cause is being considered on an application for rehearing of a motion to strike from the files the bill of exceptions because not signed within the time required by statute. The cause was tried before a justice of the peace, who rendered a decision and entered judgment on the 7th day of December, 1915. On ’the 10th day of December, 1915, a motion for a new trial was filed. The.hearing on this motion was adjourned from time to time, but was heard on December 20, 1915, and was overruled. Exceptions were noted and ten days allowed for the filing of a bill of exceptions. The bill of exceptions was signed and filed on December 29, 1915; The motion for a *173 new trial was based upon several grounds; among others, that the judgment rendered is contrary to law, that it is not sustained by sufficient evidence, and because of error in the admission of evidence.
It is contended by defendants in error that the exceptions should have been prepared, allowed and signed within ten days from the entering of the judgment, and that the motion for a new trial filed by the defendant below, not being based upon statutory grounds, can not operate to extend the time for the signing of such bill of exceptions. It is contended that the authority of a justice of the peace to grant a new trial is limited by the terms of Section 10352, General Code, which, in substance, provides that a new trial may be granted when the justice is satisfied that the verdict was obtained by fraud, partiality or undue means, and that the causes mentioned are the only grounds for a new trial, and apply only when the case is tried by a jury.
Reliance is had upon the case of Thompson v. Ackerman, 21 C. C., 740, and that decision does sustain the proposition contended for by defendants in error. That decision was rendered in 1901, when there were no grounds for a new trial except those contained in Section 6560, Revised Statutes, now 10352, General Code. At the time of that decision, Section 6565, Revised Statutes (now Sections 10360, 10361, 10362 and 10363, General Code), was in the form found in 93 Ohio Laws, 104. Section 6565, Revised Statutes, as there enacted, referred to no grounds for a new trial in addition or supplemental to Section 6560, Revised Statutes, and the same situation is true as relates to the de *174 cisión of the supreme court in State v. Langenstroer, 67 Ohio St., 7, the facts in that case bringing it under the act found in 93 Ohio Laws, 104.
In 1902 Section 6565, Revised Statutes, was amended, and by the terms o'f the amendment additional grounds for a new trial were incorporated therein, as found in Section 10361, General Code, its provisions now being that if the “exception is to the decision of the court on a motion to direct a non-suit or to arres.t the testimony from the jury, or for a new trial because the verdict, or if the jury is waived, the finding of -the court is against the law and the evidence, or on the admission or rejection of evidence, the party excepting must reduce his exceptions to writing” and present them to the trial justice within the time limited by the Same section (now Section 10360, General Code), which is within “ten days from -the date of overruling the motion for a new trial,” if such motion be made, etc. ' It will be seen that a radical change in the terms of Section 6565, Revised Statutes, was made by this amendment, and that the decisions cited by defendants in error were rendered with reference to the law as it stood before the amendment. The wording of the sections as now found in the General Code is, we think, plain and unambiguous, and we hold that the bill of exceptions was filed within the time provided by statute.
The application for rehearing will be denied.

Application denied.

Richards and Kinkade, JJ., concur.